21308

Leo ROBERTS, a/k/a Leo Robinson, Appellant, v. STATE of South Carolina and Bamberg County, Respondents.

(271 S. E. (2d) 115)

*Deputy Appellate Defender Vance J. Bettis of S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. William K. Moore,* Columbia, *for respondents.*

October 6, 1980.

*Per Curiam:*

The complaint in this action, and this appeal growing out of the circuit court's order denying the prisoner's application for post-conviction relief, is another among the multitude of actions brought and appealed without any justification whatsoever. Such actions are inspired by the rulings

of the Supreme Court of the United States interpreting the federal Constitution.

That Court has held that if a wealthy person may process an appeal, it is the duty of the state to provide an indigent person with the same right at the taxpayers' expense.[1] A free lawyer and a free transcript of record is mandated. An indigent person, or a wealthy one, may waive the right to appeal, but such person does not waive the right to appeal unless he understands that right[2]. This being true, counsel, and sometimes the judge, feel a compulsion to advise a defendant of his right to appeal. Failure to advise a defendant of his right to appeal often brings about accusations of malpractice at a future post-conviction hearing.

When a defendant stands sentence and is advised that he may process an appeal without cost, it is understandable that he is quite willing to pursue the matter further. He envisions that he has some remote possibility of gaining something and no possibility whatsoever of losing anything. Understandably, one who has been sentenced is irritated with the government and wishes to continue litigation by way of appeal and/or a post-conviction application.

In such a case, the court reporter must type up the record[3]; twenty-five copies must be supplied for use of this court; staff attorneys and the justices of this court must review the record. This is true regardless of the fact that there was from the beginning no justifiable reason for either filing the application or the appeal. Such cases have added to the tremendous backlog of appeals pending in the Supreme Court of South Carolina. These cases delay consideration of other cases.

---

[1] *Griffin v. Illinois*, 351 U. S. 12, 76 S. Ct. 585, 100 L. Ed. 891 (1956), and *Douglas v. California*, 372 U. S. 353, 83 S. Ct. 814, 9 L. Ed. (2d) 811 (1963).

[2] *Johnson v. Zerbst*, 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938).

[3] Here the record is 76 pages, not including briefs.

In the case now before us, Leo Roberts, a/k/a Leo Robinson, was charged in three indictments: (1) house breaking and grand larceny, (2) house breaking, grand larceny, and statutory burning, and (3) house breaking, grand larceny, and statutory burning. He gave to police officers a confession, was appointed counsel, participated in a preliminary hearing, and entered guilty pleas in open court[4]. The sentencing judge meticulously asked all of the usual questions to assure that the pleas were voluntary and understandably entered.

Notwithstanding these facts, he thereafter filed a post-conviction relief action in the court of common pleas, and the court designated another attorney to represent him without charge. Upon a hearing held before a circuit judge, the application for post-conviction relief was dismissed and the case ended at the trial level. At the post-conviction hearing, he admitted that he had in open court confessed to the crimes. This appeal follows.

Counsel has now appropriately filed with this court a no merit brief under *Anders v. California,* 386 U. S. 738, 87 S. Ct. 1396, 18 L. Ed. (2d) 493 (1967), asking to be relieved. Although the appellant had the right to file a *pro se brief,* none has been submitted to this court.

While this court is willing and anxious to give consideration to any meritorous, or possibly meritorious, claims, we deplore the use of the courts for the bringing of actions obviously without merit which should never have been filed. In *Anderson v. Leeke,* 271 S. C. 435, 348 S. E. (2d) 120 (1978), we pointed out the many protections which the courts have given to an accused person with it in view to assure that no innocent person suffers a penalty. In that case we said:

---

[4] He had previously been sentenced for receiving stolen goods and grand larceny.

"The State must overcome many hurdles before an accused person is punished:

(1) the magistrate may refuse to issue a warrant;

(2) the magistrate may dismiss a case after a preliminary hearing;

(3) a grand jury may refuse to indict;

(4) the solicitor may *nolle pros;*

(5) the trial judge may direct a verdict;

(6) a petit jury may refuse to convict if only one juror has a reasonable doubt;

(7) the judge may set the verdict aside notwithstanding a verdict of the jury;

(8) the appellant court may reverse the conviction.

If the accused person can prevail at any one of these stages of a proceeding, he goes free and is unpunished. On the other hand, the State must prevail at each of the eight stages before punishment is inflicted."

In cases of this type, totally lacking in merit, we traditionally dispose of the appeal under our Rule 23. No matter of precedent is involved, and we find no error of law. It is a disservice in cases of this type to burden the bar with the reading of long, meaningless opinions and to require that the same be printed in law books with the expenses necessary to the publication of our rulings on unwarranted appeal.

Affirmed.